IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| LINDA P., individually and on behalf of her minor child, JACK P.,<br><br>            Plaintiffs,<br><br>     vs.<br><br>STATE OF HAWAII, DEPARTMENT OF EDUCATION, and PAT HAMAMOTO, in her official capacity as Superintendent of the Hawaii Public Schools<br><br>            Defendants. | CIVIL NO. 05-00585 SOM-KSC<br><br>ORDER AFFIRMING SEPTEMBER 13, 2005, ADMINISTRATIVE HEARINGS OFFICER'S DECISION |

ORDER AFFIRMING SEPTEMBER 13, 2005,
ADMINISTRATIVE HEARINGS OFFICER'S DECISION

I.      INTRODUCTION AND FACTUAL BACKGROUND.

This appeal involves an attempt by the mother of Jack P. to provide her son with the best education for him. On or about June 28 or 29, 2005, Jack P.'s mother, Linda P., filed a request for an impartial hearing, arguing that the child had not received an offer of a Free and Appropriate Public Education ("FAPE") for "the period from August 24 through October 29, 2005." See Ex. 1 to Administrative Record on Appeal (March 2, 2006) ("ROA"). There is no dispute that this request actually pertained to the period from August 24 through October 29, 2004.

On August 3, 2005, the Department of Education, State of Hawaii, filed a motion to dismiss the parent's request for an impartial hearing, arguing that Linda P.'s claims were covered by

a settlement agreement entered into in February or March 2005. ROA, Ex. 10.  On September 13, 2005, the Administrative Hearings Officer filed Findings of Fact, Conclusions of Law, and Order Granting Respondent's Motion to Dismiss Petitioner's Request for Impartial Hearing.  ROA, Ex. 19.  The Hearings Officer found and concluded that the parent had previously entered into a binding settlement agreement with the Department of Education, State of Hawaii, that covered the claims made in the June 2005 request for an impartial hearing.  The hearings officer therefore determined that Linda P.'s request was moot and that he lacked jurisdiction over it.

   The parent appealed the hearing officer's decision to this court.  Because the parent waived and released the claims made in the June 2005 request for an impartial hearing, the dismissal of those claims was appropriate.  Pursuant to Local Rule 7.2(d), the court affirms the hearings officer's decision without a hearing.

II.  LEGAL BACKGROUND AND STANDARD OF REVIEW.

   The Individuals with Disabilities Education Act ("IDEA") requires any state receiving federal financial assistance for special education to implement a policy that ensures that every disabled child in that state who has a disability is provided with a FAPE designed to meet the unique needs of that disabled child.  20 U.S.C. § 1412.  See Kletzelman

v. Capistrano Unified Sch. Dist., 91 F.3d 68, 69 (9th Cir. 1996) (the IDEA "'confers upon disabled students an enforceable substantive right to public education in participating States, and conditions federal financial assistance upon a State's compliance with substantive and procedural goals of the Act'") (citations omitted); Poolaw v. Bishop, 67 F.3d 830, 834 (9th Cir. 1995).

The IDEA requires states to develop procedures to ensure that children with disabilities and their parents are guaranteed procedural safeguards with respect to the provision of a FAPE. 20 U.S.C. § 1415(a). These procedures include an opportunity to present complaints relating to the identification, evaluation, or educational placement of a child, or the provision of a FAPE to that child. Id. § 1415(b)(6). When a complaint is made pursuant to § 1415(b)(6), "the parents . . . involved in such complaint shall have an opportunity for an impartial due process hearing." Id. § 1415(f)(1).

Any party aggrieved by a decision of the due process hearing officer may appeal the findings and decision to the state educational agency, id. § 1415(g), or appeal the findings and decision to any state court or a United States district court, id. § 1415(i)(2). Linda P. has appealed the hearing officer's decision to this court.

The burden in this court is on Linda P., the party challenging the administrative ruling. Seattle Sch. Dist., No. 1 v. B.S., 82 F.3d 1493, 1498 (9th Cir. 1996); Clyde K. v. Puyallup Sch. Dist., 35 F.3d 1396, 1399 (9th Cir. 1994). However, judicial review of IDEA cases differs substantially from judicial review of other agency actions, in which courts generally are confined to the administrative record and are held to a highly deferential standard of review. Ojai Unified Sch. Dist. v. Jackson, 4 F.3d 1467, 1471 (9th Cir. 1993). Courts review de novo the appropriateness of a special education placement under the IDEA. County of San Diego v. California Special Educ. Hearing Office, 93 F.3d 1458, 1466 (9th Cir. 1996). Nevertheless, when reviewing state administrative decisions, courts must give due weight to judgments of education policy. County of San Diego, 93 F.3d at 1466; Ojai, 4 F.3d at 1472. The IDEA does not empower a court to substitute its own notion of sound educational policy for that of the school authorities that the court reviews. County of San Diego, 93 F.3d at 1466; Ojai, 4 F.3d at 1472; Gregory K. v. Longview Sch. Dist., 811 F.2d 1307, 1311 (9th Cir. 1987). In recognition of the expertise of the administrative agency, the court must consider the findings carefully and endeavor to respond to the hearing officer's resolution of each material issue. After such consideration, the court is free to accept or reject the finding in whole or in part. County of San

Diego, 93 F.3d at 1466; Gregory K., 811 F.2d at 1311. Despite its discretion to reject the administrative findings after carefully considering them, a court is not permitted simply to ignore the administrative findings. County of San Diego, 93 F.3d at 1466; Gregory K., 811 F.2d at 1311.

III.    ANALYSIS.

Rather than examining the merits of Linda P.'s June 2005 request for an impartial hearing (which covered an alleged failure to provide Jack P. with a FAPE from August 24 through October 29, 2004), the hearings officer dismissed that request. Examining the issue de novo, the court rules that the hearings officer correctly found and concluded that the claims were covered by a binding and enforceable settlement agreement.[1]  See D.R. v. East Brunswick Bd. of Educ., 109 F.3d 896, 901 (3d Cir. 1997) (settlement agreement covering IDEA claims is binding and enforceable).

In relevant part, the settlement agreement states:

**Releasor [Linda P.]** and Releasor's heirs, representatives, executors, administrators, successors and assigns . . . do **hereby release and forever acquit and discharge said**

---

[1] The settlement agreement appears to have been entered into pursuant to 20 U.S.C. § 1415(f)(1)(B)(iii) to settle a previous request for an impartial hearing filed by Linda P. Linda P. is not contending that the Settlement Agreement, dated February 23, 2005, but signed by Linda P. and her attorney on March 3, 2005, is void or that it is unenforceable for any reason.  She is not contending that her execution of the settlement agreement was involuntary or unknowing.

>           **Releasee [Department of Education, State of Hawaii]**, its successors, employees, officers, agents, and assigns **from and on account of any and all claims, actions, causes of action, demands, liability, damages or expenses of any kind and nature, whether known or unknown, which may now exist** or which may in any manner arise or grow out of any act, omission, event, or circumstances connected to the issues raised in the dispute relating to the education of [Jack P.] up to the period of this agreement. . . . **It is also understood and agreed that Releasee's agreement** to do certain things as agreed under this agreement **and Releasor's agreement to accept and settle this dispute are not admissions on the part of Releasor and Releasee . . . but compromises and settles all actual and potential disputes between Releasor and Releasee for the purpose of avoiding further controversy, litigation and expense** . . . .

ROA, Ex. 11 (Compromise and Settlement Agreement (emphasis added)).

At the time the parties entered into the settlement agreement in February or March 2005, there was indisputably a claim that a FAPE was not being provided to Jack P. from August 24 through October 29, 2004. The settlement agreement, which covered "any and all claims, actions, causes of action, demands, liability, damages or expenses of any kind and nature, whether known or unknown, which may now exist," therefore waived and released the claims made by Linda P. in the June 2005 request for an impartial hearing.

Linda P. argues that the settlement agreement applied only to the claims raised in her previous request for an impartial hearing.  She reads the settlement agreement as limited to claims related to "the issues raised in the dispute" being settled.  That reading runs contrary to the plain language of the settlement agreement, which unequivocally waives and releases all claims, "whether known or unknown, which may now exist or which may in any manner arise or grow out of any act, omission, event, or circumstances connected to the issues raised in the dispute."  Claims relating to the period from August 24 through October 29, 2004, existed at the time the settlement agreement was entered into in early 2005.  The settlement agreement also explains that it "compromises and settles all actual and potential disputes between Releasor and Releasee for the purpose of avoiding further controversy, litigation and expense."  The settlement agreement was therefore not limited as Linda P. asserts.

Linda P. baldly contends that the hearings officer lacked the authority and competence to examine the settlement agreement to determine whether her claims were waived and released.  She argues that the hearings officer was only authorized to examine the merits of her claims.  She therefore asks this court to remand the matter to have the hearings officer examine the merits of her claims.  Linda P., however, does not address the hearings officer's statement that he had an

7

obligation to ensure that he had jurisdiction over her claims and that he examined the settlement agreement only to determine whether he had such jurisdiction.  Because her claims had already been settled, the hearings officer determined that they were moot and that he therefore lacked jurisdiction to decide those claims. See ROA, Ex. 19.  The court finds no error in the hearings officer's examination of the settlement agreement to determine whether Linda P.'s claims were moot, meaning that he lacked jurisdiction.

        Even if Linda P. is correct that the hearings officer lacked the authority and competence to examine the settlement agreement, this court would decline her request to remand the case.  Under 20 U.S.C. § 1415(f)(1)(B)(iii), the settlement agreement is enforceable in this court.  It would be a hollow step to remand this case, only to have the Department of Education file an action in this court to enforce a settlement agreement that obviously covers Linda P.'s claims.  The court deems the filings by the Department of Education in this case as a request to have this court enforce the settlement agreement.[2]  Because the settlement agreement waives and releases the claims made by Linda P. in her June 2005 request for an impartial hearing, the court enforces the settlement agreement.

---

[2]Linda P. has also asked this court "to interpret the contract language of the settlement agreement."  See Opening Brief (June 5, 2006) at 2.

IV.     CONCLUSION.

Because no party contests the binding and enforceable nature of the settlement agreement, and because the plain language of the settlement agreement clearly covers the claims made by Linda P. in her June 2005 request for an impartial hearing, that request was properly dismissed.  This court therefore affirms the hearings officer's September 13, 2005, decision.

The Clerk of Court is ordered to enter judgment in favor of the Department of Education, State of Hawaii, and to close this case.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, July 25, 2006.

/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

Linda P. v. Department of Educ., Civ. No. 05-00585 SOM-KSC; ORDER AFFIRMING SEPTEMBER 13, 2005, ADMINISTRATIVE HEARINGS OFFICER'S DECISION